UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Case No. 06-CR-99

MAURICE D. DORSEY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S PRETRIAL MOTIONS**

---

On May 2, 2006, a federal grand jury sitting in the Eastern District of Wisconsin returned a two-count indictment naming Maurice D. Dorsey ("Dorsey") as defendant. Count one charges Dorsey with possession of 5 grams or more of "crack" cocaine, with intent to distribute the same, all in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Two charges Dorsey with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the possession of such firearm having allegedly occurred on or about March 31, 2006. Dorsey has entered a plea of not guilty to both counts. His trial is currently scheduled to commence on August 28, 2006, before United States District Judge Lynn Adelman.

In accordance with the pretrial briefing schedule issued in this matter, on June 29, 2006, Dorsey filed (1) a motion to compel disclosure of confidential informants, (2) a notice of discovery request, (3) a notice of request for exculpatory information, and (4) a request for pre-trial notice of government's intent to use evidence of other crimes or bad acts. On July 6, 2006, the government filed its response to the defendant's pretrial motions and notices. The defendant did not file a reply

brief in support of his motions. Consequently, the defendant's motions and "notices" are ready for resolution. For the reasons which follow, it will be ordered that the defendant's motion to compel disclosure of confidential informants be denied, and the defendant's request for pre-trial notice of government's intent to use evidence of other crimes or bad acts be denied as moot.

On July 12, 2006, the defendant filed a motion for suppression of defendant's statements. Thereafter, on July 31, 2006, the defendant filed a motion to withdraw the defendant's motion to suppress. On July 31, 2006, the court granted the defendant's motion to withdraw the motion to suppress. Such being the case, the defendant's motion to suppress has been withdrawn and will not be discussed.

*A. Motion to Compel Disclosure of Confidential Informants*

Dorsey has moved the court for an order compelling the government to disclose the identity and location of all unnamed or confidential informants. Specifically, Dorsey seeks the name, date of birth, address, and location of a particular confidential informant referred to as "CI" in the affidavit providing probable cause for the search warrant for Dorsey's residence at 3119 15th Street. (Gov't's Resp., Ex. A.) The government objects to the disclosure of its confidential informant. The government argues that the confidential informant in this case was not a transactional witness, but rather, "a tipster" who provided information used in the search warrant application. (Gov't's Resp. at 4.)

In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court held that where an informant is a transactional witness, that is, where he or she was an active participant in the events leading to an arrest, the government must disclose the informant's identity to the defendant. *Id.*

2

However, it is well established that the government has a limited privilege to withhold from disclosure the identity of a confidential informant. *Id.* at 60.

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Id.* at 59.

Therefore, when determining whether to compel disclosure of an informant's identity, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. The government's limited privilege of withholding the identity of an informant gives way once the defendant proves that the information sought would significantly aid in the preparation of his defense. *United States v. Andrus*, 775 F.2d 825, 841 (7th Cir. 1985). Absent such a showing, disclosure is not required. *Id.*

Oftentimes, the government seeks to maintain the anonymity of an informant out of a concern for his or her safety. This is especially true where the defendants have been charged with a drug-related offense. As the Seventh Circuit Court of Appeals noted in *United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993):

> Understandably, not many people want to become police informants in light of the violence within the drug subculture. Drug dealers are not known for treating informers with compassion.

The Seventh Circuit has also held that where an informer is a "mere tipster," disclosure of his identity will rarely be appropriate under the balancing test of *Roviaro*. *United States v. Lewis*, 671 F.2d 1025, 1027 (7th Cir. 1982); *see also United States v. Mayomi*, 873 F.2d 1049, 1055 (7th Cir. 1989). This is so, because, although tipsters supply law enforcement officers with important

3

leads, they are rarely further involved in the investigation, apprehension or prosecution of the suspect. Stated another way, "transactional witnesses," as opposed to tipsters are more likely to require disclosure. A transactional witness is a witness that is an active participant in the investigation leading to arrest. *Bender*, 5 F.3d at 270.

In *Bender*, the court distinguished the informant in that case from the informant in *Roviaro*, finding that the informant was not a "transactional witness" like the informant in *Roviaro*:

> In *Roviaro*, the informant, known as John Doe, "had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged." *Roviaro*, 353 U.S. at 55, 77 S.Ct. at 624. Thus, Doe's possible testimony was relevant and could have assisted the defendant in advancing his defense. *Id.* at 64-65, 77 S.Ct. at 629-30.

*Id.*

Turning to the facts of this case, the confidential informant did not take part in a drug transaction or have any face to face dealings with Dorsey before Dorsey's arrest. To be sure, the informant did assist law enforcement officers by providing them with information that he observed the sale and possession of cocaine from the residence at 3119 15th Street, and by describing the individual who was selling the cocaine. However, this is not a situation, like *Roviaro*, where the informant was the only witness to the criminal conduct. Indeed, the informant will not be a material witness as to what was recovered when the police executed the search warrant at Dorsey's residence at 3119 15th Street on March 31, 2006 or to any statements made by Dorsey at that time. Therefore, it cannot be said that disclosure is crucial to the defense.

A balancing of the factors weighs against disclosing the identity of the informant. The informant is not a transactional witness, but rather, merely a "tipster," and therefore disclosure is not

4

crucial to the defense. In addition, this is a narcotics case, where concerns for the safety of informants typically arise. Thus, maintaining the safety of the informant also weighs against disclosure. Consequently, I am satisfied that the defendant's motion to compel disclosure of confidential informants should be denied.

*B. Notice of Discovery Request and Notice of Request for Exculpatory Information*

Dorsey has also filed a notice of discovery request and a notice of request for exculpatory information. However, the government has indicated that it is following its open file policy in this case. As such, the court need not take any action with respect to the defendant's notices for discovery. Criminal Local Rule 16.1(b) provides in pertinent part that

> "open file policy" means disclosure without defense motion of all information and materials listed in Fed. R. Crim. P 16(a)(1)(A), (B), and (D); upon defense request, material listed in Fed. R. Crim. P. 16(a)(1)(C); material disclosable under 18 U.S.C. § 3500 other than grand jury transcripts; reports of interviews with witnesses the government intends to call in its case-in-chief relating to the subject matter of the testimony of the witness; relevant substantive investigative reports; and all exculpatory material.

In short, pursuant to the open file policy, Dorsey has received, or will receive, all of the evidence that he is entitled to by law. Accordingly, because Dorsey has not alleged that the government has failed to follow its open file policy, the court need not take any action with respect to the defendant's notices at this time.

*C. Request for Pretrial Notice of Government's Intent to Use Evidence of Other Crimes or Bad Acts*

Dorsey has also filed a request for pretrial notice of the government's intent to use evidence of other crimes or bad acts pursuant to Federal Rule of Criminal Procedure 404(b). In its response, the government asserts that, presently, the government does not intend to introduce any "other acts" evidence at trial. If Dorsey does testify at trial, however, the government will seek to introduce

5

evidence of items seized from Dorsey's residence at 335 Main Street #4 in Racine, Wisconsin. The government will not introduce this evidence in its case in chief. Rather, the government will seek to introduce this evidence to impeach Dorsey or as part of a potential rebuttal case. Thus, the government has provided notice as to its intent to use the aforementioned "other acts" evidence.

Additionally, the defendant requests pre-trial notice of any other "bad acts" evidence the government intends to use when it cross-examines Dorsey, should Dorsey choose to testify. In its response, the government asserts that until Mr. Dorsey does testify, the government is not in a position to identify all of the information it will use to cross-examine him. The government does, however, note that it is unlikely that the government would use 404(b) evidence to cross-examine Dorsey.

The notice requirement of Rule 404(b) does extend to evidence the government plans to use during cross-examination. Fed. R. Evid. 404(b) Advisory Committee Notes; *see also United States v. Antonelli*, No. 97 CR 194, 1998 WL 259526, at *1 (N.D. Ill. May 13, 1998). And, while the government need not, of course, disclose evidence it does not yet intend to use, it should be aware of its continuing obligation to disclose other acts evidence in a timely fashion (including during trial, if that is when the need to introduce such evidence becomes apparent) in accordance with Rule 404(b). In conclusion, and for all the foregoing reasons, Dorsey's request for pretrial notice of the government's intent to use "other acts" evidence will be denied as moot. If at trial, the defendant finds that the government is not fulfilling its continuing obligation to disclose other acts evidence in a timely fashion, the defendant may, of course, file a motion seeking an order compelling the government to do so.

**NOW THEREFORE IT IS ORDERED** that the defendant's Motion to Compel Disclosure of Confidential Informants be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's Request for Pre-Trial Notice of Government's Intent to Use Evidence of Other Crimes or Bad Acts be and hereby is **DENIED AS MOOT**;

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Federal Rules of Criminal Procedure 59(a), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance tithe the rules cited herein waives your right to review.

**SO ORDERED** this 1st day of August 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge